IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2005

## STATE OF TENNESSEE v. TONEY JASON HALE

**Appeal from the Circuit Court for Bedford County**
**Nos. 15409, 15410     Lee Russell, Judge**

_____

**No. M2004-01370-CCA-R3-CD - Filed August 2, 2005**

_____

The defendant, Toney Jason Hale, pled guilty in the Bedford County Circuit Court to three counts of burglary of an automobile, a Class E felony, and escape from a penal institution, a Class E felony. He committed these offenses while serving an effective ten-year sentence on probation for crimes committed in Marshall County. The defendant was sentenced as a Range I, standard offender to one year, six months for each conviction, pursuant to a negotiated plea agreement, with the issue of consecutive sentencing to be decided by the trial court. After a sentencing hearing, the trial court ordered two of the three sentences for the burglary convictions to be served concurrently with each other but consecutively to the sentence for the third conviction. The trial court further ordered these sentences to run consecutively to his sentence for the escape offense and consecutively to his previous ten-year sentence, for an effective sentence of fourteen years, six months in the Tennessee Department of Correction. On appeal, the defendant contends that the trial court erred by ordering consecutive sentences. We affirm the trial court.

**Tenn. R. App. P. 3. Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and J.C. MCLIN, J., joined.

N. Andy Myrick, Jr., Fayetteville, Tennessee (on appeal), and Richard A. Cawley, Shelbyville, Tennessee (at trial), for the appellant, Toney Jason Hale.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael D. Randles and Ann L. Filer, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

At the sentencing hearing, the state submitted the defendant's presentence investigation report and asked the trial court to consider the evidence presented at his plea submission hearing. No witnesses testified at the sentencing hearing. In reviewing the presentence report, the trial court

noted the following: The defendant was eighteen years old at the time of the hearing and that at the age of seventeen, he pled guilty to fifteen counts of automobile burglary and one count of simple burglary in the Marshall County Circuit Court. He received a sentence of ten years probation for those offenses, all of which were committed on March 10 and 11, 2003. As a juvenile, the defendant was adjudicated delinquent based on four assaults, burglary of an automobile, criminal trespass, aggravated arson, and disorderly conduct. The defendant committed these delinquent acts in Rutherford County when he was between the ages of thirteen and seventeen. He also had a history of probation violations. The trial court observed that by statute, the sentence for the felony escape conviction must be served consecutively to the sentences received for the charges for which he was being held at the time he escaped. See T.C.A. § 39-16-605(c).

The trial court found that consecutive sentences were warranted in this case based upon two criteria provided in T.C.A. § 40-35-115(b): (2) the proof presented of the defendant's extensive record of criminal activity, and (6) the fact the defendant was being sentenced for offenses committed while on probation. The trial court stated that given the defendant's extensive criminal history and the failure of probation to deter him from continuing to commit crimes, consecutive sentences would also serve to protect the public.

The defendant contends that the trial court erred by ordering two of his sentences for the automobile burglary convictions to run consecutively to the third and by ordering the sentences for the Bedford County convictions to run consecutively to his effective ten-year sentence for the Marshall County offenses. He asserts that his effective sentence of fourteen and one-half years is not justly deserved in relation to the seriousness of the offenses and that it is greater than deserved for the offenses committed. He claims that the primary purpose of consecutive sentences for defendants with extensive criminal records is to protect the public from an individual not likely to be rehabilitated and that the record contains no proof to indicate rehabilitation was not possible. The state argues that the sentencing issue is waived because the defendant failed to include a transcript of the guilty plea hearing in the appellate record. Alternatively, the state contends that the record supports the trial court's sentencing determination.

When a defendant appeals the length, range, or manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d), Sentencing Commission Comments. If the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the sentence is de novo. Ashby, 823 S.W.2d at 169.

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing

principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this regard, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

In conducting our de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

Initially, we note that any evidence presented at the guilty plea hearing should be considered in determining the appropriate sentence. See T.C.A. § 40-35-210(b)(1). However, the defendant has failed to include in the record on appeal a transcript of the guilty plea hearing relating to his convictions. It is the duty of the defendant to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. T.R.A.P. 24. Failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full de novo review of the sentence under T.C.A. § 40-35-210(b).

In any event, we conclude the trial court did not err by imposing consecutive sentences. As noted by the trial court, the defendant has fifteen prior convictions for burglary of an automobile and one conviction for burglary. His juvenile record is also extensive. Moreover, it is undisputed that the defendant committed the Bedford County offenses while on probation for the offenses committed in Marshall County. Accordingly, the record amply supports the trial court's finding that the criteria provided in T.C.A. § 40-35-115(b)(2) and (6) were applicable in the defendant's case and that consecutive sentencing was proper. We note that the defendant's sentence for his felony escape conviction must be served consecutively to the sentences received for the charges for which the defendant was being held at the time he escaped. See T.C.A. § 39-16-605(c). As for the defendant's argument that the record contains no proof he could not be rehabilitated, we note the defendant has not established that he has any such potential.

Based on the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____

JOSEPH M. TIPTON, JUDGE